In a proceeding to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Queens County, dated July 25, 1979, which, inter alia, denied its application and granted respondent’s cross application to compel arbitration. Judgment modified, on the law, by adding to the first decretal paragraph thereof, after the word "granted” the following: "to the extent that the arbitration shall be limited to a determination of whether the contract between the parties is void”. As so modified, judgment affirmed, without costs or disbursements. On April 29, 1977 petitioner, Fresh Meadows Jewish Center, Inc., a Jewish congregation, entered into a three-year contract with respondent for the latter’s services as its Rabbi. The contract contained various employment provisions and an arbitration clause containing the *815 following pertinent language: "25. In the event [of] any claim, demand, dispute, controversy, difficulty or misunderstanding between the Center and the Rabbi relating to the terms and conditions of the contract herein, the parties do hereby voluntarily agree to submit the same and all matters concerning the same which cannot be settled by themselves for arbitration” (emphasis supplied). There was no provision in the contract with respect to respondent being given the title of "Rabbi Emeritus and all the perquisites pertaining thereunto” at the completion of his active employment as Rabbi of the center (August 31, 1980). On March 14, 1979, and also on March 29, 1979, respondent’s attorney sent a letter to the president of the center on behalf of his client. In the first letter he stated that "it is my considered legal opinion that it is a voidable contract” and further that he would welcome having the congregation’s attorney contact him so that they could come "to an amicable solution.” In the second letter respondent’s attorney made the demand to have his client named Rabbi Emeritus with all of that title’s perquisites at the completion of his active employment. On or about April 23, 1979, petitioner received a demand for arbitration from respondent’s attorney, in which it was stated, inter alia, that the "nature of the dispute” was contained in the two afore-mentioned letters. In our opinion the demand for arbitration was sufficient and we agree with Special Term, which cited Matter of Weinrott (Carp) (32 NY2d 190), that "The issue as to whether the subject contract is voidable is a matter to be determined by the arbitrators and not by the court”. The dispute here is one relating to the terms and conditions of the contract. It is those very terms and conditions of the contract which respondent believes makes the contract voidable. For this reason respondent has set forth a factual issue which can be submitted to arbitration. However, unless rescinded, a voidable contract imposes the same obligations as though not voidable, and it is not void until the option of the wronged party is exercised (17 CJS, Contracts, § 10). We believe respondent has made a showing of his intent to disaffirm the contract on the grounds of voidability. Respondent’s attorney’s first letter plainly stated: "I have his contract with your congregation before me and it is my considered legal opinion that it is a voidable contract.” (Emphasis supplied.) With respect to the respondent’s claim for obtaining the status of Rabbi Emeritus after completion of his active employment with petitioner, however, nowhere in the notice for arbitration, nor in the letter encompassing the demand for such status, is there any reference to the clause in the contract covering such claim or the nature of the alleged violation of contract with respect thereto. Furthermore, respondent states this title was to take effect "upon the completion of his active employment as Rabbi”. Completion of his active employment does not occur until August 31, 1980. Therefore, this matter is wholly unrelated to the meaning or application of the contract and should not be submitted to arbitration under the arbitration clause contained in the contract. Hopkins, J. P., Damiani, Titone and Martuscello, JJ., concur.